PEOPLE v MOSS

Docket No. 56699. Argued May 5, 1976 (Calendar No. 14).—Decided
    July 8, 1976.

Jerald R. Moss was convicted by a jury in Wayne Circuit Court,
    Richard D. Maher, J., of armed robbery. The Court of Appeals,
    Bashara, P. J., and Danhof and Churchill, JJ., affirmed per
    curiam (Docket No. 17158). Testimony by prosecution witnesses
    and police officers concerning the identification and statements
    witnesses made at the pretrial lineup was admitted without
    objection and without request for curative instructions to the
    jury. Defendant appeals. *Held:*

    The question whether the admission of the testimony was
    erroneous has not been properly preserved for appellate review.
    Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Criminal Division, and *Robert M. Morgan,* Assistant Prosecuting Attorney, for the people.

*Fink & LaRene* (by *Neil H. Fink* and *Arthur Jay Weiss)* for defendant.

Per Curiam. The defendant was tried by a jury and found guilty of armed robbery. MCLA 750.529; MSA 28.797. He argues that the trial judge erred in admitting into evidence the testimony of three prosecution witnesses describing their pretrial lineup identification of the defendant and the testimony of a police officer concerning identification. He questions the continuing validity of *People v Londe,* 230 Mich 484, 487; 203 NW 93 (1925), where we said:

"It was proper for the witnesses who had seen the men at the time of the robbery to testify that they later identified the defendant as one of them. And it was equally proper for the officer to testify under what circumstances the identification was made."[1]

The record discloses that no objection was made to the testimony that the defendant now claims was erroneously admitted into evidence. No request was made to instruct the jury to disregard this testimony. The question whether the admission of this testimony was erroneous has not been properly preserved for appellate review.

"Ordinarily where no timely objection was made to the introduction of such testimony and no request to charge was made, this Court [will] not examine the points relied upon for reversal, and except under unusual circumstances we have no disposition to relax this rule." *People v Dorrikas,* 354 Mich 303, 316; 92 NW2d 305 (1958).

The defendant's conviction is affirmed.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, LINDEMER, and RYAN, JJ., concurred.

---

[1] *See, however, People v Poe,* 388 Mich 611, 618; 202 NW2d 320 (1972), where we limited a police officer's testimony to " 'what took place' and under 'what circumstances the identification was made' and not, as here, the nature or quality of the identification."