PEOPLE v KING

Docket Nos. 49087, 49088. Submitted May 5, 1981, at Detroit.—Decided June 16, 1981. Leave to appeal applied for.

Michael King was convicted in two separate trials of charges arising out of separate incidents of armed robbery and possession of a firearm during the commission of a felony, Wayne Circuit Court, William J. Giovan, J. Defendant appeals, alleging that a lineup identification admitted into evidence in the second trial was unduly suggestive and that the trial court in the first trial erred in admitting similar-acts evidence. The cases were consolidated. *Held:*

1. Defendant failed to object to testimony regarding the lineup identification during trial, precluding review on appeal. The record indicates that the failure was attributable to trial strategy of defense counsel.

2. The trial court properly admitted similar-acts evidence as probative of defendant's identity when his identity was in issue. In addition, substantial evidence was presented to show that defendant committed the bad act, and there was no indication that the probative value of the similar-acts evidence was outweighed by its prejudicial effect.

3. Defendant failed to object to references made during trial by the police and the prosecutor relative to previous robberies which had occurred in the same area as that where robberies were allegedly committed by defendant, and thus we decline to consider the question on appeal, no manifest injustice resulting from references having been shown.

Affirmed.

1. Appeal — Preserving Question.

Generally, failure to raise an issue during trial precludes review of the issue on appeal, absent manifest injustice.

References for Points in Headnotes

[1, 2] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

[2] 4 Am Jur 2d, Appeal and Error §§ 518-520.

[3] 29 Am Jur 2d, Evidence §§ 298-304.

2. CRIMINAL LAW — APPEAL — TRIAL STRATEGY — EVIDENCE —
   PRESERVING QUESTION.

   The Court of Appeals will not substitute its judgment for that of
   trial counsel where a review of the record reveals that the
   actions of defense counsel related to trial strategy, and, where
   the strategy involved failing to move for exclusion of evidence
   of a pretrial identification of a defendant, the issue will not be
   reviewed on appeal.

3. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — STATUTES — RULES
   OF EVIDENCE.

   Evidence of a defendant's similar acts may be admitted in a
   criminal case where there is substantial evidence that the
   defendant actually committed the bad acts, the bad acts are
   probative of the defendant's motive, opportunity, intent, prepa-
   ration, scheme, plan, or system in doing an act, knowledge,
   identity, or absence of mistake or accident in committing the
   charged offense, and the evidence is material to the determina-
   tion of the defendant's guilt of the charged offense (MCL
   768.27; MSA 28.1050, MRE 404[b]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Michael F. Bakaian,* Assistant Prosecuting Attorney, for the people.

*Chari Grove,* Assistant State Appellate Defender, for defendant on appeal.

Before: BASHARA, P.J., and N. J. KAUFMAN and J. L. BANKS,* JJ.

N. J. KAUFMAN, J. Defendant appeals his convictions from two separate jury trials. In the first, docket no. 49087, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). In the second case, docket no. 49088, defendant was once again convicted of armed robbery, MCL 750.529;

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). In each case, defendant was sentenced to from 3 to 25 years on the robbery conviction and to two years on the felony-firearm conviction, the sentences to run concurrently. In case no. 49087, defendant was tried for an armed robbery committed on July 12, 1979. In case no. 49088, defendant was charged, with codefendant Dion Smith, with committing an armed robbery on July 15, 1979.

Defendant first contends that his convictions in case no. 49088 must be reversed due to an unduly suggestive lineup identification. We disagree.

Appellate courts in this jurisdiction have previously held that the failure to object to testimony concerning an allegedly suggestive pretrial identification precludes consideration of this issue on appeal. *People v Moss,* 397 Mich 69; 243 NW2d 254 (1976), *People v Coles,* 79 Mich App 255; 261 NW2d 280 (1977). A review of the record indicates that defendant's counsel failed to move in the trial court to exclude evidence of the allegedly improper pretrial identification. Rather, defense counsel tactically used the complainant's arguably tenuous lineup identification in an attempt to discredit his more positive in-court identification.

This Court is loathe to substitute its judgment for that of trial counsel in matters of trial strategy. *People v Penn,* 70 Mich App 638, 648; 247 NW2d 575 (1976). Therefore, we conclude that the admission of evidence of the lineup identification in case no. 49088 did not constitute reversible error.

Defendant next contends that his convictions in case no. 49088 must be reversed due to the erroneous admission of similar-acts testimony. Again, we do not agree.

In defendant's trial in case no. 49088, the complainant in case no. 49087 testified as to the prior armed robbery perpetrated by the defendant. As a general rule, evidence of similar, but unrelated, criminal activity is not admissible to show that a criminal defendant acted in conformity with an alleged bad character. *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976), *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973). It has been said that the purpose behind the rule is that the likelihood of prejudice from the admission of this sort of evidence outweighs any probative value the evidence may have. See *People v Flynn,* 93 Mich App 713; 287 NW2d 329 (1979), *lv den* 409 Mich 852 (1980). However, exceptions to this general rule are found in a statute, MCL 768.27; MSA 28.1050, and in the Michigan Rules of Evidence, MRE 404(b). In the instant case, we conclude that evidence concerning the prior, similar robbery was properly admitted pursuant to MCL 768.27; MSA 28.1050 and MRE 404(b).

The primary defense asserted by defendant was misidentification. As such, the prior, similar act was probative of one of the purposes delineated in the statute and rule. See *People v Gilbert,* 101 Mich App 459; 300 NW2d 604 (1980). Additionally, there was substantial evidence to show that defendant committed the bad act. Complainant in case no. 49087 made a positive identification, stating that defendant was the man who had committed the armed robbery in question. Furthermore, there were several distinguishing, peculiar or special characteristics which made the prior robbery similar to the charged crime. Both were committed in the same Ford Motor Company parking lot and were committed at approximately the same time of day. Both robberies were perpetrated by two

men with sawed-off shotguns. In short, the commission of the prior robbery bore defendant's "signature" and was probative of the defendant's identity when his identity was in issue, and there was no indication that the probative value of the similar-acts testimony was outweighed by its prejudicial effect. See *People v Major,* 407 Mich 394; 285 NW2d 660 (1979). As such, testimony concerning the prior robbery was properly admitted, and defendant's conviction in case no. 49088 is also affirmed.

Defendant's final allegation of error, relating to case no. 49087, is that error requiring reversal occurred when the police and the prosecutor made reference to a series of prior robberies in the same area as that where robberies were allegedly committed by defendant. None of these references were objected to during trial. Because we perceive no resulting, manifest injustice, we decline to consider the matter on appeal. *People v Farnsley,* 94 Mich App 34, 35; 287 NW2d 361 (1979).

Affirmed.