PEOPLE v HUNT

Docket No. 55248. Submitted April 6, 1982, at Detroit.—Decided
   November 2, 1982.

   Milton Hunt was convicted by a jury in the Detroit Recorder's
   Court, Robert P. Van Wiemeersch, J., of first-degree felony
   murder and possession of a firearm during the commission of a
   felony. Defendant appeals alleging the following to be errors of
   the trial court: (1) allowing two witnesses who identified defen-
   dant at trial to testify that they identified him as one of the
   two perpetrators of the crime at a hearing conducted approxi-
   mately five months prior to trial at which hearing defendant
   was not represented by counsel, (2) allowing two police officers
   to testify as to the name of the person identified in a lineup by
   several witnesses as being one of the perpetrators, (3) failing to
   instruct the jury that defendant must have knowingly pos-
   sessed the firearm and the court's failure to define a firearm.
   Additionally defendant claims that the jury's verdict was ambi-
   guous, and that he was denied the effective assistance of
   counsel. *Held:*

       1. Defendant failed to object to any of the testimony concern-
   ing the pretrial identification on the basis that it was obtained
   in the absence of counsel. Appellate review is, therefore, pre-
   cluded absent a finding of manifest injustice. There is no
   manifest injustice with regard to the testimony of the first

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[2] 29 Am Jur 2d, Evidence §§ 371-373.
   81 Am Jur 2d, Witnesses § 425.
   Admissibility of evidence as to extrajudicial or pretrial identifica-
   tion of accused. 71 ALR2d 449.
[3] 29 Am Jur 2d, Evidence §§ 367, 496.
[4] 5 Am Jur 2d, Appeal and Error §§ 623, 891.
[5] 75 Am Jur 2d, Trial § 682.
[6] 76 Am Jur 2d, Trial § 1133.
[7] 21A Am Jur 2d, Criminal Law §§ 752, 753, 984 *et seq.*
   Modern status of rules and standards in state courts, as to ade-
   quacy of defense counsel's representation of criminal client. 2
   ALR4th 27.

witness because the testimony was first elicited by defendant on cross-examination. The prosecutor first elicited the testimony from the second witness. Although it may have been improper for the prosecutor to elicit this testimony on direct examination, there was no manifest injustice since defense counsel opened the door to this line of questioning.

2. Evidence of a name by which a person is known is not within the rule excluding hearsay evidence. Therefore, the officer's testimony regarding the name of the person identified in a lineup as being one of the perpetrators was not inadmissible on hearsay grounds.

3. The trial court's instruction on felony-firearm was not improper since the defendant did not object and the court read the felony-firearm statute and information to the jury, clearly stating the elements of the offense.

4. Defendant's argument that the court's failure to state that defendant must knowingly carry or possess the firearm resulted in a fatal error was rejected. The court's failure to define a firearm did not constitute error since defendant never argued that the rifle in question was not a firearm and thus the trial court was not required to give the optional criminal jury instruction from the subsections defining a firearm which are to be given only where a clarifying instruction is warranted.

5. A jury verdict will not be void for uncertainty if the jury's intent can be clearly deduced by reference to the pleadings, the counts charged and the entire record. Viewing the record as a whole, there is no ambiguity in the jury's verdict.

6. Defendant was not denied the effective assistance of counsel. None of counsel's claimed errors constitute a serious mistake the absence of which would have given defendant a reasonable likelihood of acquittal.

Affirmed.

1. APPEAL — PRESERVING QUESTION.

Generally, failure to raise an issue during trial precludes review of the issue on appeal, absent manifest injustice.

2. APPEAL — CRIMINAL LAW — MANIFEST INJUSTICE — WITNESSES — PRETRIAL IDENTIFICATIONS — RIGHT TO COUNSEL.

Manifest injustice is not shown with regard to the admission of testimony of a witness on redirect examination by a prosecutor concerning the witness's pretrial identification of the defendant which was obtained in the absence of counsel after the prosecutor had stated that he would not question the witness about the hearing during direct examination where such testimony

was first elicited by the defendant on cross-examination as a trial strategy in an attempt to suggest that the witness's in-court identification should be discredited because it was based upon the prior identification; no manifest injustice results when the prosecutor thereafter improperly questions a second witness on direct examination regarding the pretrial identification since it was apparent through defense counsel's questioning of the first witness that it was his strategy to use the pretrial identification to discredit the witnesses' in-court identification.

3. EVIDENCE — HEARSAY — NAMES.

Evidence of a name by which a person is known is not within the rule which excludes hearsay evidence.

4. APPEAL — CRIMINAL LAW — JURY INSTRUCTIONS.

The Court of Appeals will not reverse on the basis of an alleged improper instruction where the instruction is not objected to unless the trial court failed to instruct on an essential element of the offense or a basic or controlling issue, or the instruction is so misleading or confusing as to result in a miscarriage of justice.

5. CRIMINAL LAW — JURY INSTRUCTIONS — FIREARMS — CRIMINAL JURY INSTRUCTIONS.

A trial court is not required to give the optional criminal jury instruction defining a firearm in a trial for possession of a firearm during the commission of a felony except where such a clarifying instruction is warranted, such as by a claim that the item in question was not a firearm (CJI 11:9:01, subds [6] and [9]).

6. CRIMINAL LAW — VERDICT — JUDICIAL CONSTRUCTION.

A jury verdict is not void for uncertainty if the jury's intent can be clearly deduced by reference to the pleadings, the counts charged and the entire record.

7. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

An appellate claim of ineffective assistance of trial counsel will not be upheld where none of the claimed errors constitute a serious mistake the absence of which would have given the defendant a reasonable likelihood of acquittal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

cipal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Sidney Kraizman,* for defendant.

Before: ALLEN, P.J., and D. C. RILEY and R. R. FERGUSON,* JJ.

R. R. FERGUSON, J. Defendant was convicted by a jury of first-degree felony murder, MCL 750.316; MSA 28.548, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to mandatory prison terms of life for the murder conviction and two years for the felony-firearm conviction. He appeals as of right. We affirm.

Two witnesses testified that as they entered a bar they saw defendant and another individual, identified as defendant's brother, standing outside. Shortly thereafter, two men entered the bar and announced a holdup. One of the men, wearing a ski mask which covered his face, carried a rifle. The other man, wearing nothing over his face, carried a handgun. One of the witnesses testified that defendant was the man wearing the ski mask. The second witness testified that he saw defendant and the other individual in the vestibule of the bar immediately before the holdup. The bar patrons were told to lie on the floor and the perpetrators began collecting their wallets. During the course of the robbery, one Raymond Pertile struggled with the masked man and was shot several times, apparently by the other perpetrator. He died of multiple gunshot wounds.

The primary issue on appeal concerns the identification of defendant. Both witnesses who identi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

fied defendant at trial also testified that they identified him as one of the two perpetrators of the crime at a hearing conducted approximately five months prior to trial. Although the nature of that hearing was not disclosed to the jury, the reference was to a probation revocation hearing. Defendant contends that it was error to allow the witnesses to testify as to the earlier identification because defendant was not represented by counsel at that hearing.

Defendant failed to object to any of the testimony concerning the pretrial identification on the basis that it was obtained in the absence of counsel. Appellate review is, therefore, precluded absent a finding of manifest injustice. *People v Moss,* 397 Mich 69; 243 NW2d 254 (1976); *People v King,* 107 Mich App 208, 210; 309 NW2d 207 (1981). We find no manifest injustice with regard to the testimony of the first witness because the testimony was first elicited by defendant on cross-examination. Prior to this time, the prosecutor had informed both the court and defense counsel that he would not question either witness about the hearing during direct examination. It is apparent upon a review of the record that defense counsel elicited the testimony in an attempt to suggest that the witness's in-court identification should be discredited because it was based upon the prior identification. We believe this to be a matter of trial strategy with which we will not interfere. *People v King, supra.* It would be unfair for defendant to be able to suggest that the witness's in-court identification was tainted as being based only on an out-of-court observation and preclude the prosecutor from questioning the witness further in an attempt to rehabilitate her on redirect examination. We find no manifest injustice in the admission of this testimony.

It was the prosecutor who first elicited the testimony concerning the pretrial identification from the second witness. Although it may have been improper for the prosecutor to elicit this testimony on direct examination, we find no manifest injustice. It is apparent through defense counsel's questioning of the first witness that it was his strategy to use the pretrial identification to discredit the witnesses' in-court identifications. He opened the door to this line of questioning.

Defendant next asserts that the trial court erred in allowing two police officers to testify, over a hearsay objection, that the man several witnesses identified in a lineup as being one of the perpetrators was named Joseph Hunt, defendant's brother. Each of those witnesses testified that he or she identified Joseph Hunt as one of the perpetrators. Defendant's only objection is that the officers could not testify as to the name of the person identified because that would be hearsay. Although the courts of this state have not addressed this particular issue, it has been held that evidence of a name by which a person is known is not within the rule excluding hearsay evidence. See *State v Shields,* 619 SW2d 937 (Mo App, 1981), and authorities cited therein. The officers' testimony was not inadmissible on hearsay grounds.

Defendant next argues that the trial court's instruction on felony-firearm requires reversal. We disagree. Since no objection was made to the instruction, reversal is not warranted unless the court failed to instruct on an essential element of the offense or a basic or controlling issue, or the instruction is so misleading and confusing as to result in a miscarriage of justice. In the present case, the court read the felony-firearm statute, MCL 750.227b; MSA 28.424(2), and the informa-

tion to the jury. We find this was sufficient. The statute clearly states the two elements of the offense, namely, that defendant carried or possessed a firearm, and that the firearm was carried or possessed during the commission of any felony or attempted felony. *Wayne County Prosecutor v Recorder's Court Judge*, 406 Mich 374, 397-398; 280 NW2d 793 (1979). We reject defendant's argument that the court's failure to state that defendant must *knowingly* carry or possess the firearm was fatal. We also reject defendant's claim that the court's failure to define "firearm" requires reversal. Although the trial court failed to give CJI 11:9:01, subds (6) and (9), which define firearm, those subsections are optional and are to be given only where a clarifying instruction is warranted. Inasmuch as defendant never argued that the rifle in question was not a firearm, the trial court was not required to give CJI 11:9:01, subds (6) and (9), and its failure to do so will not constitute error.

Defendant also claims that the jury's verdict was ambiguous and should be set aside. The jury found defendant guilty of "felony murder, robbery armed". Defendant contends that the verdict is ambiguous because it fails to state whether defendant was guilty of first- or second-degree murder. Although the court did not use the phrase "felony murder" in defining first-degree murder, it did state that to find defendant guilty of first-degree murder the jury must find that at the time of the act which caused the death of Pertile, the defendant was committing or attempting to commit or assisting another in the commission of the crime of armed robbery or larceny. At another point in the instructions the court read the first-degree murder statute and instructed the jury that they could find defendant guilty of that crime only if

they found that it was committed during the perpetration of a larceny or an armed robbery. Finally, the jury was given a verdict form containing seven possible verdicts. Included within those verdicts was a finding of guilty of felony murder, armed robbery; guilty of felony murder, larceny; or guilty of murder in the second degree. The jury found defendant guilty of felony murder, armed robbery.

A jury verdict will not be void for uncertainty if the jury's intent can be clearly deduced by reference to the pleadings, the counts charged and the entire record. *People v Rand,* 397 Mich 638, 643; 247 NW2d 508 (1976). Viewing the record as a whole, we find no ambiguity in the jury's verdict.

Defendant's final contention on appeal is that he was denied the effective assistance of counsel. In particular, defendant contends that trial counsel should have moved to suppress evidence of the prior identifications, should have moved to suppress evidence of his prior convictions and should have obtained a clarification of the jury's verdict. In light of our earlier determination that trial counsel's use of the prior identifications was a matter of trial strategy, we do not find that the failure to move to suppress those identifications constitutes ineffective assistance of counsel. *People v Currelley,* 99 Mich App 561; 297 NW2d 924 (1980), *lv den* 411 Mich 904 (1981). Also, in light of our earlier determination that the jury verdict was not ambiguous, we find no ineffective assistance on counsel's part for his failure to seek a clarification.

Appellate counsel also asserts that, but for trial counsel's failure to suppress evidence of defendant's prior convictions, defendant would have testified at trial and, presumably, would have had a reasonable likelihood of acquittal. This conten-

tion is not borne out by the record. In pretrial pleadings, counsel indicated that defendant was not going to testify at trial. In a motion for a temporary restraining order filed prior to trial, counsel specifically stated that defendant was not going to take the stand in his own defense. It is reasonable to conclude that trial counsel did not move to suppress evidence of defendant's convictions because defendant was not going to take the stand. Defense counsel need not make unnecessary motions. In summary, we do not find trial counsel ineffective for his failure to move for a clarification of the verdict. We do not find that any of these claimed errors constitute a "serious mistake" the absence of which would have given defendant a reasonable likelihood of acquittal. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976); *People v Means (On Remand),* 97 Mich App 641; 296 NW2d 14 (1980).

Affirmed.