STATE of South Dakota, Plaintiff and Appellee,

v.

Gordon James FEYEREISEN, Defendant and Appellant.

No. 14035.

Supreme Court of South Dakota.

Argued Nov. 30, 1983.

Decided March 7, 1984.

Douglas E. Kludt, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Yvette Hall War Bonnet, Dakota Plains Legal Services Mission, for defendant and appellant.

DUNN, Justice.

This is an appeal from a judgment of conviction on two counts of distribution of a controlled substance pursuant to SDCL 22–42–2. We affirm.

Richard Lauck (Lauck) was an undercover drug investigator in Winner, South Dakota, from July 15, 1981 to August 15, 1981. During that time, he frequented the Pizza Pub, a business located at the end of Winner's main street. On July 24, 1981, while at the Pizza Pub, Lauck asked bartender Larry Ziegler (Ziegler) where he could "score" some acid (LSD). Ziegler spoke to a third person in the Pizza Pub about the request and this person told Ziegler the price for a "hit" of acid. Ziegler related this to Lauck, who gave $20 to Ziegler. Ziegler took the money to the third person, who went into a bathroom and then returned to Ziegler and handed him the drugs. Ziegler passed the drugs on to Lauck. Although Lauck did not know the third person in the Pizza Pub, at trial he was able to give a description of the person which matched appellant Gordon James Feyereisen's appearance. Lauck also testified that he overheard other persons in the Pizza Pub refer to the third person as "Gordy" and "Feyereisen." At trial Ziegler testified that the third person was indeed appellant.

On July 29, 1981, Lauck was in the Pizza Pub and again asked Ziegler if he could get more "hits" of acid. Essentially, the same procedure occurred as on July 24: Ziegler went to the third person, who supplied the drugs to Ziegler; Ziegler then passed them on to Lauck. Again Lauck did not know the third person, but he was able to identify him as the same individual who was involved in the July 24 drug sale.

Appellant was charged with two counts of distribution of a controlled substance, and a jury trial was held on August 23 and 24, 1982. The jury returned guilty verdicts on both counts and appellant was sentenced to two years in the South Dakota State Penitentiary on each count.

Appellant raises two interrelated issues on appeal. His first contention is that the trial court erred in allowing Lauck to testify that Lauck overheard persons in the Pizza Pub refer to the third person in the drug transaction as "Gordy" and "Feyereisen." Appellant claims that these overheard utterances are hearsay and do not qualify under any of the hearsay exceptions. Second, appellant maintains that, absent the hearsay testimony, there was insufficient evidence produced by the State to corroborate accomplice Ziegler's testimony.

■ We disagree with appellant's contention that Lauck's testimony as to the overheard utterances is inadmissible hearsay. Although this court has never dealt with the question, there is substantial authority that evidence of a name by which a person is known is not within the rule excluding hearsay evidence. *People v. Hunt,* 120 Mich.App. 736, 327 N.W.2d 547 (1982); *State v. Valentine,* 506 S.W.2d 406 (Mo.1974); *State v. Shields,* 619 S.W.2d 937 (Mo.App.1981); *State v. Douglas,* 573 S.W.2d 79 (Mo.App.1978); *State v. Barnett,* 41 N.C.App. 171, 254 S.E.2d 199 (1979); 2 Wigmore, Evidence § 667a (Chadbourn rev. 1979). We find this authority to be persuasive; therefore, the trial court properly admitted Lauck's testimony.

We turn next to appellant's claim that there was insufficient evidence to corroborate accomplice Ziegler's testimony. Ziegler unequivocally declared at trial that the third person in the drug transaction, the supplier of the LSD, was appellant.

■ SDCL 23A–22–8 provides:

A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence which tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof.

It is well settled that the testimony of an accomplice need not be corroborated by evidence sufficient to sustain a conviction. The evidence need only affirm the truth of the testimony of the accomplice and establish the guilt of the defendant. Circumstantial evidence can satisfy the requirements of corroboration. *State v. Nelson,* 310 N.W.2d 777 (S.D.1981); *State v. Moellar,* 281 N.W.2d 271 (S.D.1979); *State v. Burkman,* 281 N.W.2d 436 (S.D.1979).

■ In reviewing the record, we find sufficient evidence to corroborate the accomplice's testimony. First, there was Lauck's testimony to the effect that the other persons in the Pizza Pub referred to the third person as "Gordy" and "Feyereis-

en." While Lauck's testimony, standing alone, may not have been sufficient to identify appellant, it is substantive evidence which may corroborate accomplice testimony. Second, Lauck was able to describe the third person in the drug deal as being six foot two, heavy build, dark hair, wearing glasses, and having a mustache and beard. This description matches appellant's appearance. All of this evidence affirms the truth of Ziegler's testimony and connects appellant with the commission of the offense.

Finally, we deal with a supplemental issue raised by appellant after the filing of briefs. On September 8, 1983, over nine months after judgment of conviction was filed, appellant made a motion that we remand the case to circuit court for the purpose of allowing appellant to make a motion for a new trial, on the grounds of newly discovered evidence. This motion was supported by affidavits from a friend of appellant and appellant's brother. The affidavits stated that appellant had not been in the Pizza Pub on July 24, 1981, the day of the first drug transaction, but rather, he had been at a bar and was later involved in an automobile accident which resulted in a death. We denied appellant's motion. Appellant claims that our denial of the motion was erroneous and a violation of his rights under the state criminal code.

■ We have examined appellant's contention and conclude that it is without merit. SDCL 23A–32–18 and SDCL 15–30–1 place strict limits upon this court's power to remand the record to the trial court for the purpose of entertaining a motion for a new trial. *State v. Bean,* 265 N.W.2d 886 (S.D.1978). Since appellant did not act within the time allowed by statute, his motion for remand was properly denied.

The judgment of conviction is affirmed.

All the Justices concur.