PEOPLE v JOHNSON

1. CRIMINAL LAW—IDENTIFICATION—IN-THE-FIELD IDENTIFICATION—
   RIGHT TO COUNSEL—POLICE PRACTICES—REASONABLENESS.

   The presence of counsel is not required at an in-the-field identification procedure where the in-the-field identification is a reasonable police practice.

2. CRIMINAL LAW—IDENTIFICATION—IN-THE-FIELD IDENTIFICATION—
   POLICE PRACTICES—REASONABLENESS.

   The immediate return of a suspect to the scene of a crime for an
   in-the-field identification was a reasonable police practice where
   the suspect was stopped by police less than half an hour from
   the time the crime was committed and approximately two
   miles from the scene of the crime, and the suspect, his car, and
   the license number matched the descriptions given the police
   by a witness.

3. CRIMINAL LAW—IDENTIFICATION—IN-THE-FIELD IDENTIFICATION—
   POLICE PRACTICES—REASONABLENESS.

   An in-the-field identification procedure is a reasonable police
   practice because it allows confirmation or denial of an identification while the memory of a witness is still fresh and accurate, and it expedites the release of innocent suspects.

4. CRIMINAL LAW—IDENTIFICATION—IN-THE-FIELD IDENTIFICATION—
   DUE PROCESS—FAIR TRIAL.

   A defendant was neither denied due process nor his right to a
   fair trial by an in-the-field identification procedure where the
   defendant had ample opportunity at trial to deal with any
   element of suggestiveness in the procedure, the defendant could
   have had a separate evidentiary hearing to determine the
   fairness of the procedure, and the witness who made the
   identification could have been and was closely cross-examined
   at trial.

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 21 Am Jur 2d, Criminal Law §§ 333 *et seq.,* 368.
   29 Am Jur 2d, Evidence § 371.

Appeal from Oakland, Richard D. Kuhn, J. Submitted Division 2 January 3, 1975, at Lansing. (Docket No. 19449.) Decided February 25, 1975.

Richard Johnson was convicted of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Robert C. Williams,* Chief Appellate Counsel, for the people.

*Otis M. Underwood, Jr.,* for defendant.

Before: T. M. BURNS, P. J., and D. E. HOLBROOK and M. J. KELLY, JJ.

PER CURIAM. Defendant Richard Johnson was convicted by a jury of the offense of larceny in a building. MCLA 750.360; MSA 28.592. He was sentenced to a term of 2-1/2 to 4 years in prison and now appeals as of right.

Evidence produced at trial revealed that at approximately 4:30 p.m. on October 2, 1973, while at work at a Sears Roebuck & Company merchandise sales warehouse in Pontiac, Michigan, salesman Robert Lempky noticed a prospective customer in the sales area. He approached the man, inquired if he could be of any assistance, whereupon the man replied that he was just looking. At the time of this brief encounter, the salesman was only a few feet away from the man and had the opportunity to look directly at his face.

The salesman then left the man and returned to other business. A few minutes later, the salesman saw the man run past and out of the warehouse with a television in his hands. The salesman followed and observed the man get into an automo-

bile and put the television in his lap. The car then pulled away with a second man doing the driving.

The salesman was able to provide the police with a description of the vehicle as well as its license plate number. In less than half an hour, approximately two miles from the warehouse, two Pontiac police officers stopped a car matching the description and license number of the vehicle described by the salesman and arrested its two occupants. Both the vehicle and its occupants were immediately returned to the Sears warehouse, whereupon the salesman identified defendant as the man who ran out of the warehouse with a television.

Defendant's primary allegation of error is that his return to the scene of the incident and his subsequent identification by the witness to the incident violated the rules of *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967), in that he did not have counsel available at the time. However, *Wade* does not require that counsel be present at all pretrial confrontations. *People v Foster,* 51 Mich App 213, 218; 214 NW2d 723 (1974), *People v Hutton,* 21 Mich App 312; 175 NW2d 860 (1970). Michigan courts have held that the requirement of counsel at an identification does not apply where the identification is an "in-the-field" type and is a reasonable police practice. *People v Foster, supra, People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973), *People v Wright,* 38 Mich App 427, 431; 196 NW2d 839 (1972). We conclude that in the case at bar the return of the defendant to the scene of the incident was a reasonable police practice and accordingly, we find no error.

Defendant also contends that the "in-the-field" identification procedure employed in the instant

case was so suggestive as to deny him due process and his right to a fair trial. While we agree that there may be some element of suggestiveness where a suspect is viewed alone in an "in-the-field" identification proceeding, we are nevertheless of the opinion that such an identification procedure is a reasonable police practice. The reasons are twofold. First, this type of identification proceeding allows confirmation or denial of an identification while the memory of a witness is still fresh and accurate. Second, identifications of this type expedite the release of innocent suspects.

Furthermore, any possible prejudice or suggestiveness inherent in an "in-the-field" type of identification proceeding can be argued by the defendant, since at trial, a defendant not only may have an evidentiary hearing to determine the fairness of a confrontation but also may rigorously cross-examine a witness on the basis of his identification of a defendant. In the case at bar, defendant chose to argue the issue before the trial court and jury without examination of the witness at a separate hearing. However, the trial transcript reveals that defense counsel closely cross-examined the salesman on his identification testimony and his ability to recall details on the day in question. In short, defendant was given ample opportunity and took advantage of that opportunity at trial to deal with any element of suggestiveness which might have been inherent in the "in-the-field" identification procedure. Under these circumstances, we hold that defendant was neither denied due process nor his right to a fair trial.

Affirmed.