PEOPLE v TUCKER

Docket No. 77-1253. Submitted August 31, 1978, at Lansing.—Decided October 4, 1978.

Larry L. Tucker was convicted of armed robbery in the Ingham Circuit Court, Thomas L. Brown, J. Defendant appeals. *Held:*

1. The on-the-scene identification of the defendant by the complaining witness without the presence of counsel was a reasonable police practice since such an on-the-scene identification is a well-recognized exception to the rule requiring counsel during a corporeal identification once a suspect is in custody.

2. Defendant's allegation that the identification was impermissibly suggestive is also without merit since the complainant failed to identify the other suspect who was shown to the witness in the exact same manner as the defendant. Furthermore, the defendant failed to preserve the issue since he made no pretrial motion to suppress the allegedly suggestive identification, and he did not object to the in-court identification at trial.

3. Evidence regarding a defendant's prior invalid convictions is inadmissible for impeachment purposes at the defendant's trial. The erroneous admission of such evidence mandates reversal where such admission might well have influenced the outcome of the case. Reversal is not mandated here, however, since neither the threatened nor actual use of the prior convictions would have influenced the outcome of the case.

4. The defendant's contention that the trial court erred in sentencing him after considering a presentence report that

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 313, 314.
    Admissibility of evidence as to extrajudicial or pretrial identification of accused. 71 ALR2d 449.
    Accused's right to assistance of counsel at or prior to arraignment. 5 ALR3d 1269.
[2] 5 Am Jur 2d, Appeal and Error §§ 601, 602.
[3-5] 29 Am Jur 2d, Evidence §§ 320, 327.
[4] 20 Am Jur 2d, Courts § 84.
    21 Am Jur 2d, Criminal Law § 527.

recommended a sentence based on the defendant's past history of illegal activities, including his prior void convictions, is not sustained since the trial judge determined from the defendant which convictions were obtained without counsel and stated that he would not consider these convictions, and furthermore, the trial judge did not follow the recommendation contained in the presentence report regarding the length of sentence.

Affirmed.

1. CONSTITUTIONAL LAW—CRIMINAL LAW—RIGHT TO COUNSEL—ON-THE-SCENE IDENTIFICATIONS—CUSTODY—POLICE PRACTICES.

An on-the-scene identification is a well-recognized exception to the rule requiring counsel during a corporeal identification once a suspect is in custody; such confrontations are reasonable police practices since they permit the police to immediately determine whether there is a reasonable likelihood that the suspect is connected with the crime and subject to arrest, or merely an unfortunate victim of circumstances.

2. CONSTITUTIONAL LAW—CRIMINAL LAW—DUE PROCESS—RIGHT TO TRIAL—ON-THE-SCENE IDENTIFICATIONS—SUGGESTIVENESS—PRESERVING ISSUES.

A criminal defendant's allegation that he was denied due process and the right to a fair trial by an impermissibly suggestive on-the-scene identification of him by a complaining witness is without merit where the circumstances indicate that the complaining witness identified the defendant but failed to identify the other suspect who was shown to the witness in the exact same manner as the defendant, and where the defendant failed to properly preserve the issue since he made no pretrial motion to suppress the allegedly suggestive identification and did not object to the in-court identification at trial, but instead tried to show alleged suggestiveness through vigorous cross-examination of the identifying witness and the police officers present at the on-the-scene identification.

3. CRIMINAL LAW—TRIAL—EVIDENCE—PRIOR CONVICTION RECORD—INVALID CONVICTIONS—ADMISSIBILITY—IMPEACHMENT—REVERSIBLE ERROR.

Evidence contained in a criminal defendant's prior conviction record regarding prior invalid convictions obtained without the benefit of counsel is inadmissible for impeachment purposes at the defendant's trial; the erroneous admission of such evidence mandates reversal if the admission of the convictions might well have influenced the outcome of the case.

4. APPEAL AND ERROR—CRIMINAL LAW—SENTENCING—PRESENTENCE
REPORTS—PRIOR VOID CONVICTIONS—COURT RULES.

A trial court did not err in sentencing a defendant after consider-
ing a presentence report that listed the defendant's prior
convictions, including void convictions labeled as uncounseled,
where a recess was granted so that defendant and his attorney
could review the presentence report, where the defendant was
given an opportunity to respond to the presentence report and
explain or controvert any of the representations it contained in
accordance with the criminal procedure court rule regarding
presentence reports, where the trial judge allowed the defend-
ant to supply him with his own version of a presentence report
which the judge read prior to sentence, where the judge deter-
mined from the defendant which prior convictions were ob-
tained without the benefit of counsel and stated that he would
not consider those convictions and where the trial judge did not
follow the recommendation of the probation officer regarding
the length of sentence (GCR 1963, 785.12).

5. CRIMINAL LAW—WITNESSES—IMPEACHMENT—CONVICTIONS WITH-
OUT COUNSEL.

The threatened or actual use of remote convictions which occur-
red in the absence of counsel for impeachment purposes is not
reversible error where the defendant did not inform the court
that the convictions were in cases where defendant had no
counsel and there were numerous other more recent and more
probative convictions that were properly admissible for im-
peachment.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Peter D. Houk,*
Prosecuting Attorney, and *Michael G. Woodworth,*
Chief Appellate Attorney, for the people.

*Sandborn & O'Neill, P.C.,* for defendant.

Before: DANHOF, C.J., and BRONSON and M. F.
CAVANAGH, JJ.

PER CURIAM. Defendant was charged with armed
robbery, MCL 750.529; MSA 28.797, and found
guilty by a jury as charged. He was sentenced on

February 28, 1977, to a term of 20 to 40 years in prison and appeals as of right.

Defendant first contends that the on-the-scene identification of him by the complaining witness was improper because it occurred in the absence of counsel and was impermissibly suggestive.

An on-the-scene identification is a well-recognized exception to the rule requiring counsel during a corporeal identification once a suspect is in custody. *People v Curtis Williams,* 57 Mich App 612; 226 NW2d 584 (1975). The rationale behind the exception is that such confrontations are reasonable police practices since they permit the police to immediately determine whether there is a reasonable likelihood that the suspect is connected with the crime and subject to arrest, or merely an unfortunate victim of circumstance. Defendant's contention that counsel was required is unfounded.

Defendant's second allegation that the identification was impermissibly suggestive is also without merit. This argument is totally undermined by the fact that although the witness identified defendant, he failed to identify the other suspect who was shown to the witness in the exact same manner as defendant. Defendant also failed to properly preserve this issue as he made no pretrial motion to suppress the allegedly suggestive identification, nor did he object to the in-court identification at trial. *People v Curtis Williams, supra.* Instead, he chose to try and show the alleged suggestiveness through vigorous cross-examination of the identifying witness and the police officers present at the on-the-scene identification. Under these circumstances "defendant was neither denied due process nor his right to a fair trial". *People v Johnson,* 59 Mich App 187, 190; 229 NW2d 372 (1975).

Defendant next contends that the trial court

erred in refusing to suppress his prior conviction record. At trial, defendant testified *in camera* that he would not take the witness stand if the prosecutor was permitted to go into his past record. The trial judge properly exercised his discretion under *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), and ruled that seven of defendant's nine prior convictions could be used by the prosecutor for impeachment purposes. Defendant chose not to testify. It was not until after trial that defendant brought to the attention of the trial court, in a motion for new trial, that two of his prior convictions were invalid because they were obtained without benefit of counsel. Thus, under *Loper v Beto,* 405 US 473; 92 S Ct 1014; 31 L Ed 2d 374 (1972), they were inadmissible for impeachment purposes and reversal would be mandated if the admission of the convictions "might well have influenced the outcome of the case". 405 US at 480.

After a careful review of the record, we conclude that reversal is not necessary because neither the threatened nor actual use of the prior convictions would have influenced the outcome of the case. Even if the two void prior convictions had been suppressed, the prosecutor would still have been able to impeach defendant with five valid and more recent larceny related convictions. Since defendant testified that he would not take the witness stand in his own behalf if the prosecutor were permitted to go into his prior record, it is unlikely that defendant would have taken the stand even if the two invalid convictions were suppressed as five valid admissible prior convictions still remained. Furthermore, if defendant had testified at trial and had been impeached by all seven of the prior convictions, the use of the five valid larceny re-

lated convictions would have so undermined defendant's credibility that the introduction of the two more remote invalid prior convictions would not have influenced the outcome of the case. *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974). Therefore, we decline to reverse for a new trial.

Finally, defendant asserts that he should be resentenced by a different trial judge because his presentence report listed his invalid prior convictions and recommended a sentence of 60 to 100 years based on "this offender's extensive past history of illegal activities".

In *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972), the Supreme Court remanded for resentencing where the trial judge explicitly considered prior convictions which had been obtained in violation of the right to counsel where it appeared that the sentence might have been different if the sentencing judge had known the prior convictions were invalid.

In the instant case, the presentence report labeled the void convictions as "uncounseled". A recess was granted so that defendant and his attorney could review the presentence report. The trial judge gave the defendant an opportunity to respond to the presentence report and explain or controvert any of the representations it contained in accordance with GCR 1963, 785.12. The trial judge also allowed the defendant to supply him with his own version of a presentence report which the judge read before coming into court. The trial judge had a discussion with the defendant to determine which prior convictions were obtained without counsel, and stated that he would not consider these "uncounseled" convictions. Furthermore, the trial judge did not follow the recommendation of the probation officer regarding the length of sentence:

"The court does agree with your attorney and perhaps with you, also, that the recommendation of the Probation Agent is too extreme. It is possible that the officer, the Probation Agent's recommendations are because of his misunderstanding of the prior alleged illegal activities.

"The court had indicated to you that those particular matters are not being considered by the court. Only those matters in which you were represented and, of course, the instant case."

We conclude there was no violation of *Tucker.*

Affirmed.