PEOPLE v FIELDS

Docket No. 60642. Submitted November 4, 1982, at Lansing.—Decided May 3, 1983.

Cyrano D. Fields was convicted of breaking and entering with intent to commit larceny, Genesee Circuit Court, Thomas C. Yeotis, J. The testimony at trial disclosed the following facts. At approximately 11:30 p.m. on November 24, 1980, Jimmy Williams was in the bedroom of his apartment at Howard Estates, which is located on Lapeer Road in Flint. His apartment was located approximately 100 yards from Arrand Auto Parts. Williams observed two men emerge from a broken window of the auto parts store carrying what appeared to be machines. He called the police to report that a burglary was in process and described the two men to a police dispatcher. While awaiting the arrival of the police, Williams observed the two men carrying the objects into a pool hall across the street. During that period, Williams remained on the telephone with the police dispatcher. When the police arrived, they entered the pool hall and emerged a short time later in the company of two men. The dispatcher directed the officers to place the men under a nearby light where they could be seen by Williams. Williams then left his apartment and went to the pool hall where he identified the two men as the burglars. Defendant was one of the persons identified. Defendant appealed. *Held:*

Defendant alleged for the first time on appeal that the on-the-scene identification procedure violated his Sixth Amendment right to counsel. Review of the issue of admissibility of evidence based on a constitutional challenge raised for the first time on appeal requires a two-fold inquiry: (1) was the evidence

Rᴇғᴇʀᴇɴᴄᴇs ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs

[1] 5 Am Jur 2d, Appeal and Error §§ 873, 881, 883, 885.

[2, 3] 21 Am Jur 2d, Criminal Law § 314.5.

21A Am Jur 2d, Criminal Law § 746 *et seq.*

29 Am Jur 2d, Evidence §§ 371, 371.2.

Accused's right to counsel under the Federal Constitution—Supreme Court cases. 18 L Ed 2d 1420.

Admissibility of evidence as to extrajudicial or pretrial identification of accused. 71 ALR2d 449.

decisive; and (2) was the evidence erroneously admitted. Police officers may conduct an on-the-scene identification without the presence of counsel any time promptly after the crime, except in certain sitautions: first, where the police have very strong evidence that the person stopped is the culprit and, second, where the police have made a valid arrest of the suspect for a separate crime, unless they have "more than a mere suspicion" that the suspect was responsible for the second crime to which the identification pertains. The identification procedure was proper.

Affirmed.

D. H. HOLBROOK, JR., P.J., concurred separately to disaffirm the earlier position he had taken in *People v Dixon,* 85 Mich App 271; 271 NW2d 196 (1978), and adopt the majority position in *People v Dana Turner,* 120 Mich App 23; 328 NW2d 5 (1982).

1. EVIDENCE — APPEAL — CONSTITUTIONAL LAW.

Review of the issue of admissibility of evidence based on a constitutional challenge raised for the first time on appeal requires a two-fold inquiry: (1) was the evidence decisive; and (2) was the evidence erroneously admitted.

2. CRIMINAL LAW — ON-THE-SCENE IDENTIFICATIONS — RIGHT TO COUNSEL.

Police officers may conduct an on-the-scene identification without the presence of counsel any time promptly after the crime, except in certain situations: first, where the police have very strong evidence that the person stopped is the culprit and, second, where the police have made a valid arrest of the suspect for a separate crime, unless they have "more than a mere suspicion" that the suspect was responsible for the second crime to which the identification pertains.

3. CRIMINAL LAW — ON-THE-SCENE IDENTIFICATIONS — WORDS AND PHRASES — STRONG EVIDENCE.

Strong evidence exists that the person stopped by the police is the perpetrator of the crime under investigation, for purposes of an on-the-scene identification without the presence of counsel, where the suspect has himself decreased any exculpatory motive by confessing or presenting the police with either highly distinctive evidence of the crime or a higly distinctive personal appearance or where the close proximity in place and time to the scene of the crime presents strong evidence the person followed or stopped by the police is the culprit.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Michael J. Theile,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and ALLEN and R. L. TAHVONEN,* JJ.

R. L. TAHVONEN, J. Defendant was convicted of breaking and entering with intent to commit larceny in violation of MCL 750.110; MSA 28.305, following a jury trial. He was sentenced to serve a term of from 5 to 10 years in prison. Defendant appeals his conviction as of right.

At approximately 11:30 p.m. on November 24, 1980, Jimmy Williams was in the bedroom of his apartment at Howard Estates, which is located on Lapeer Road in Flint. His apartment was located approximately 100 yards from Arrand Auto Parts. Williams observed two men emerge from a broken window of the auto parts store carrying what appeared to be machines. He called the police to report that a burglary was in progress and described the two men to a police dispatcher. While awaiting the arrival of the police, Williams observed the two men carrying the objects into a pool hall across the street. During that period, Williams remained on the telephone with the police dispatcher. When the police arrived, they entered the pool hall and emerged a short time later in the company of two men. The dispatcher directed the officers to place the men under a nearby light where they could be seen by Williams. Williams then left his apartment and went to the pool hall where he identified the two men as

* Circuit judge, sitting on the Court of Appeals by assignment.

the burglars. Defendant was one of the persons identified.

Defendant argues that his Sixth Amendment right to counsel was violated by the on-the-scene identification without counsel. It should be noted that defendant did not object to the admission of this evidence at trial. Therefore, our review is governed by the standard announced in *People v Bukowski,* 41 Mich App 498, 501; 200 NW2d 373 (1972):

"Where a defendant raises a constitutional question for the first time on appeal, we must ask two questions: (1) was the evidence decisive, and (2) was the evidence erroneously admitted into evidence." See *People v Jeffery Woodward,* 111 Mich App 528, 531; 314 NW2d 680 (1981).

Generally, a defendant is entitled to have counsel present during identification. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). Furthermore, where a defendant is deprived of his right to counsel at a pretrial identification procedure, it is error to admit evidence of that identification at trial. *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973). However, an exception to the right to counsel exists under certain circumstances involving prompt on-the-scene identification. *Anderson, supra,* p 187, fn 23. The justification for the exception is permitted: (1) to permit the police to ascertain whom to arrest; and (2) because such prompt identification may exculpate the defendant. *People v Dixon,* 85 Mich App 271; 271 NW2d 196 (1978).

At present, a split exists among members of this Court concerning the scope of the exception. In *Dixon, supra,* the Court ruled that it applies only if the underlying justification exists. Therefore, the Court ruled that the exception does not apply

where the police have more than a mere suspicion that the person in custody was involved in the robbery. *Dixon, supra,* pp 280-281.

In *People v Coward,* 111 Mich App 55, 62-64; 315 NW2d 144 (1981), a different panel of this Court rejected *Dixon, supra.* Instead, the Court adopted a blanket rule permitting prompt on-the-scene identification without counsel.

In *People v Dana Turner,* 120 Mich App 23; 328 NW2d 5 (1982), a third panel of this Court adopted a middle-ground approach which incorporated portions of both of the two positions discussed above. The Court noted that *Coward, supra,* is unacceptable because it provides no protection for a defendant's right to counsel. However, it also declined to accept the approach taken in *Dixon, supra,* because of the practical difficulties inherent in a scheme which requires police to make on-the-scene determinations concerning the nature and quality of the evidence indicating the accused's participation in the crime. Therefore, the Court ruled that police officers may conduct prompt on-the-scene identification without counsel unless the police have very strong evidence that the person stopped is the culprit. Strong evidence exists where the person has confessed or presented highly distinctive evidence of the crime or where there is such a close proximity in place and time to the scene of the crime that it is higly likely that the person followed is the perpetrator.

We believe that the approach taken in *Turner, supra,* represents the most workable standard while at the same time best protecting the rights of the accused. Therefore, we adopt that test.

Applying the test to this case, we find that the identification procedure employed was proper. When the police entered the pool hall, they ob-

served two men who came close to fitting the description given by Williams. However, the coat worn by defendant was not as described. Furthermore, there were a number of other persons who were also present in the pool hall. Finally, although a search of the pool hall uncovered the two adding machines which were taken from the auto parts store, those items were not discovered until after the on-the-scene identification had occurred. Therefore, we believe that the police were justified in using the identification procedure employed.

Our determination that the identification was proper also disposes of defendant's remaining claim that his trial counsel's failure to move to suppress evidence of that identification constituted a serious mistake depriving him of effective assistance of counsel.

Defendant's conviction is affirmed.

ALLEN, J., concurred.

D. E. HOLBROOK, JR., P.J. *(concurring)*. In retrospect I disaffirm my position taken in *People v Dixon,* 85 Mich App 271; 271 NW2d 196 (1978), and adopt, as the majority, *People v Dana Turner,* 120 Mich App 23; 328 NW2d 5 (1982), as representing the better view.