PEOPLE v McCUAIG

Docket No. 61111. Submitted February 8, 1983, at Lansing.—Decided July 6, 1983. Leave to appeal applied for.

Steven L. McCuaig was convicted of first-degree criminal sexual conduct following a bench trial in Oakland Circuit Court and was sentenced to from 10 to 25 years in prison, Robert B. Webster, J. Defendant appeals. *Held:*

1. Defendant's right to counsel was not violated where he was subjected to an on-the-scene identification without having counsel present. Police may conduct a prompt on-the-scene identification without counsel being present unless there is very strong evidence that the person apprehended is the perpetrator of the crime. Strong evidence was not present in this case.

2. Defendant knowingly, voluntarily and intelligently waived his previously invoked right to counsel when he made statements to the police in which he admitted having engaged in sex with the complainant. Defendant was not subjected to further interrogation after having requested an attorney and the statements defendant made were exculpatory. The statements were admissible, therefore no error resulted from the fact that they were not suppressed.

3. Defendant's claims that he was denied effective assistance of counsel with respect to defense counsel's failure to move to suppress, in a timely fashion, the on-the-scene identification and the statements made by defendant are without merit.

4. Defendant's contention that his trial counsel's failure to investigate the topography of the area where the events took place inhibited his attorney's ability to effectively cross-examine the complainant and constituted a serious mistake without which he would have had a reasonably likely chance of acquit-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21A Am Jur 2d, Criminal Law § 802.
    29 Am Jur 2d, Evidence § 371.2.
    Validity, under Federal Constitution, of police lineup or showup procedures. 34 L Ed 2d 839.
[3] 21 Am Jur 2d, Criminal Law § 791 *et seq.*
[4] 21A Am Jur 2d, Criminal Law § 922.
[5] 21 Am Jur 2d, Criminal Law §§ 527, 528.

tal is rejected. The trial court indicated that it would not have decided the case differently had this issue been more thoroughly explored.

5. The fact that defendant was not permitted to be present during a presentence in-chambers conference involving the court, the prosecutor and the defense attorney does not require that defendant be resentenced. Defendant has failed to demonstrate that he was prejudiced by his absence from the conference.

6. Defendant's contention that he is entitled to be resentenced because the trial court relied on inaccurate information in the presentence report in sentencing him may be correct. The trial court did consider a reference in the report that defendant allegedly had been involved in another criminal incident of a sexual nature despite defendant's denial that the incident had taken place. Reliance on such information is not proper unless it is accurate. The court did not conduct a hearing to determine the accuracy of the statement and failed to respond to defendant's claim that the information was inaccurate. The case is remanded for a hearing at which the court shall determine the accuracy of the statement. If the statement is determined to be accurate, defendant's sentence shall stand; if not, defendant shall be resentenced without consideration of the complained-of matter.

Defendant's conviction is affirmed, but the case is remanded for proceedings in conformity with the Court of Appeals opinion.

1. CRIMINAL LAW — ON-THE-SCENE IDENTIFICATIONS — RIGHT TO COUNSEL.

An exception to the general rule that an apprehended person is entitled to have counsel present during a criminal identification procedure exists where a prompt on-the-scene identification is conducted; police may conduct a prompt on-the-scene identification without counsel being present unless the police have very strong evidence that the person stopped is the culprit sought; strong evidence exists where the person apprehended has confessed or presented highly distinctive evidence of the crime or where there is such a close proximity in place and time to the scene of the crime that it is highly likely that the person apprehended is the perpetrator.

2. CRIMINAL LAW — ON-THE-SCENE IDENTIFICATIONS.

An exception to the general rule that an apprehended person is entitled to have counsel present during a criminal identifica-

tion procedure exists where a prompt on-the-scene identification is conducted; the reasons for the exception are: (1) it permits the police to ascertain whom to arrest; and (2) such prompt identification may exculpate the person apprehended.

3. Criminal Law — Right to Counsel — Custodial Interrogation — Waiver.

All interrogation of a criminal defendant must cease until counsel is made available, once the defendant invokes his right to counsel, unless the accused himself initiates further communication.

4. Criminal Law — Sentencing — In-Chambers Conferences — Resentencing.

A criminal defendant is not entitled to be resentenced on the ground that he was not permitted to be present during a presentence in-chambers conference involving the court, the prosecutor and the defense attorney where he fails to demonstrate that he was prejudiced by his absence from the conference.

5. Criminal Law — Sentencing — Presentence Reports.

A sentencing court may consider other criminal activities in which a defendant was involved even though they did not result in conviction; however, reliance on such information is not proper unless it is accurate.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*James Howard Grant,* for defendant.

Before: DANHOF, C.J., and V. J. BRENNAN and N. A. BAGULEY,* JJ.

DANHOF, C.J. Defendant was convicted of criminal sexual conduct in the first-degree, MCL 750.520b; MSA 28.788(2), following a bench trial. He was sentenced to a term of from 10 to 25 years

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in prison. Defendant appeals his conviction as of right.

Defendant's conviction arose out of an incident which occurred during the early morning hours of May 27, 1980. On that date, complainant was driving home from a friend's house when she noticed a dark-colored AMC Jeep stopped at the intersection of 12 Mile Road and Telegraph Road in the City of Southfield. Complainant was travelling on 12 Mile Road at the time. Shortly thereafter, she noticed headlights in her rear-view mirror. She drove to the home of her parents, with whom she resided in Southfield. After she exited from her car, a man appeared and placed his hand over her mouth. He led her to the side of the house where he forced her to engage in an act of fellatio and then fled.

Complainant became hysterical and went into the house where she was met by her mother. Her mother called the police. A description of complainant's assailant and the Jeep she had seen earlier was relayed over the police dispatch. The defendant was stopped at the intersection of 12 Mile Road and Telegraph Road a short time later. He was driving a dark-colored AMC Jeep. Complainant was transported to the scene and identified defendant as her assailant. The identification took place less than 30 minutes after the assault occurred.

Defendant claims that his right to counsel was violated because he was without counsel at the on-the-scene identification. We disagree.

Generally, a defendant is entitled to have counsel present during identification. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). However, an exception to the rule exists where a prompt on-the-scene identification is conducted. *People v Tucker,*

86 Mich App 608, 611; 273 NW2d 498 (1978). The reasons for the exception are: (1) it permits the police to ascertain whom to arrest; and (2) such prompt identification may exculpate the person apprehended. *People v Turner,* 120 Mich App 23, 34-35; 328 NW2d 5 (1982).

At present, a split exists amount various panels of this Court concerning the scope of the exception. Compare *People v Dixon,* 85 Mich App 271; 271 NW2d 196 (1978), with *People v Coward,* 111 Mich App 55; 315 NW2d 144 (1981). We are of the opinion that the test adopted by the Court in *People v Turner, supra,* represents the most well-reasoned approach. In *Turner, supra,* the Court ruled that police may conduct a prompt on-the-scene identification without counsel being present unless the police have very strong evidence that the person stopped is the culprit. Strong evidence exists where the person apprehended has confessed or presented highly distinctive evidence of the crime or where there is such a close proximity in place and time to the scene of the crime that it is highly likely that the person apprehended is the perpetrator. *Turner,* pp 36-37.

In the present case, strong evidence was not present. Although complainant had seen the Jeep on her way home, she did not see it after she left the intersection of 12 Mile Road and Telegraph Road. She could not tell if the headlights she had seen behind her were those of the Jeep. Furthermore, although defendant had grass stains on his pants and other aspects of his appearance presented evidence that he was the culprit, a longer period of time had elapsed between the assault and the time the defendant was stopped than was necessary for a person to travel the distance between the home of the complainant's parents and

the place where defendant was stopped. Finally, although complainant had a fairly good opportunity to view her assailant, she was not able to give the police a particularly accurate description concerning the clothing he was wearing.

Defendant next complains that statements he made to police following his arrest should have been suppressed. At the time of his arrest, defendant was informed of his basic rights as spelled out in *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). In response thereto, defendant indicated that he wished to remain silent. No further questioning was conducted at that time. However, at approximately 10:20 a.m., after defendant had been transported to the police station, he was again advised of his rights. Defendant indicated that he wished to remain silent and that he wanted to speak with an attorney. The officer responded that he would comply with defendant's request and that no further questioning would take place. However the officer did advise defendant concerning the nature of the charge against him and described the circumstances which led the police to believe that defendant was the culprit. Defendant responded by stating that the officer had been fair with him and that he had changed his mind and wished to give him a statement. After defendant signed a waiver of rights form, he gave a statement to the police in which he admitted that he had engaged in sex with the complainant. However, he maintained that the encounter was completely consensual. The version of events he testified to at trial was entirely consistent with the statement he made to the police.

Once a criminal defendant invokes his right to counsel all interrogation must cease until counsel is made available unless the accused himself initi-

ates further communication. *Edwards v Arizona,* 451 US 477, 484-485; 101 S Ct 1880; 68 L Ed 2d 378 (1981); *People v Paintman,* 412 Mich 518, 525; 315 NW2d 418 (1982). Therefore, the critical determination is whether defendant initiated the questioning or whether defendant's statement was made in response to further interrogation by the police officer. *People v Lytal,* 415 Mich 603, 614; 329 NW2d 738 (1982).

In our opinion, the statements made by the police officer, which merely advised defendant of the crime with which he was charged and which described the events which led to that charge, cannot be characterized as further interrogation by the officer or its functional equivalent. See *Rhode Island v Innis,* 446 US 291, 300-301; 100 S Ct 1682; 64 L Ed 2d 297 (1980). The nature of the statements were not such that it can be said that they were intended to elicit a response. Furthermore, the record does not support a finding that the officer should have known that defendant was likely to change his mind in response to the statement. On the contrary, the statement was made in connection with the officer's acknowledgment that he would comply with defendant's request to see an attorney and that no further questioning would occur. Defendant responded by unequivocally indicating that he had changed his mind and that he wished to speak with the officer. Thereafter, he executed a waiver of rights form. The statement which he gave, unlike the statement made in *Paintman, supra,* was, to a large degree, exculpatory. In our opinion, a clear demonstration was shown that defendant knowingly, voluntarily and intelligently waived his previously invoked right to counsel. *Paintman, supra,* p 528.

Defendant claims that he was denied the effec-

tive assistance of trial counsel. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976). Two of defendant's claims with respect to this issue relate to defense counsel's failure to move to suppress, in a timely fashion, the on-the-scene identification and the statements made to the police officer by the defendant. Since we have previously determined that that evidence was admissible, we find these claims to be without merit.

Defendant also complains that his trial counsel's failure to investigate the topography of the area where the events took place inhibited his attorney's ability to effectively cross-examine the complainant and constituted a serious mistake without which he would have had a reasonably likely chance of acquittal. *People v Degraffenreid,* 19 Mich App 702, 715-719; 173 NW2d 317 (1969). This argument is refuted by the findings made by the trial court following defendant's motion for a new trial. The court indicated that it would not have decided the case differently had this issue been more thoroughly explored. We find no reason to upset the court's ruling.

Defendant next complains that resentencing is required because he was not permitted to be present during a presentence in-chambers conference involving the court, the prosecutor and his trial attorney. Defendant has failed to demonstrate that he was prejudiced by his absence from the conference. *People v Pulley,* 411 Mich 523, 531-532; 309 NW2d 170 (1981).

Defendant finally complains that he is entitled to be resentenced because sentencing was based on inaccurate information contained in the presentence report. The presentence report contained a reference to another criminal incident of a sexual nature in which defendant was alleged to have

been involved. It is clear that the court seriously considered that incident in sentencing defendant despite the fact that the report indicated that defendant denied that the incident had taken place. In his motion for a new trial, defendant again claimed that no such incident had taken place. The trial court did not respond to defendant's claim.

It is clear that a sentencing court may consider other criminal activities in which a defendant was involved even though they did not result in conviction. *People v Raymond,* 119 Mich App 413, 416-417; 326 NW2d 526 (1982). However, reliance on such information is not proper unless it is accurate. See *People v Books,* 95 Mich App 500, 505; 291 NW2d 94 (1980). In the present case, the court did not conduct a hearing to determine the accuracy of the statement. It failed to respond at all to defendant's claim that the information was inaccurate. Therefore, the case is remanded for a hearing at which the court shall determine the accuracy of the statement. If the statement is determined to be accurate, defendant's sentence shall stand. If determined otherwise, defendant shall be resentenced without consideration of the complained-of matter.

Defendant's conviction is affirmed. The case is remanded for proceedings in conformity with this opinion. We do not retain jurisdiction.