PEOPLE v WILKI

Docket No. 66825. Submitted December 16, 1982, at Lansing.—Decided February 7, 1984.

Mattzoka Wilki was convicted of armed robbery, Jackson Circuit Court, Gordon W. Britten, J. Subsequently, he was convicted, on his plea of guilty, of being a third-felony offender. The defendant appealed, alleging that his on-the-scene identification by the victim without having counsel present denied him his constitutional right to counsel and was unduly suggestive. The Court of Appeals entered an order affirming the defendant's convictions. The Michigan Supreme Court, in lieu of granting leave to appeal, entered an order vacating the order of the Court of Appeals and remanded the case to the Court of Appeals for plenary consideration, 414 Mich 905 (1982). Now *held:*

The on-the-scene identification procedure was proper and the defendant was not denied his right to counsel. The circumstances of the defendant's apprehension did not constitute very strong evidence that he was the culprit such that there was no reasonable necessity to conduct an on-the-scene identification. Even though the defendant's failure to move at the trial for suppression of the evidence of his identification precludes appellate review of the issue, were the Court to review it, it would find that the identification procedure was not unduly suggestive or conducive to misidentification. The other issues raised by the defendant are without merit.

Affirmed.

R. M. MAHER, P.J., concurred separately. He now believes that counsel need be present at on-the-scene identifications of an accused only where the police have very strong evidence that the person apprehended is the criminal.

1. CRIMINAL LAW — ON-THE-SCENE IDENTIFICATION — RIGHT TO COUNSEL.

Police officers may conduct an on-the-scene identification without

REFERENCES FOR POINTS IN HEADNOTES
[1] 21A Am Jur 2d, Criminal Law § 974.
[2] 5 Am Jur 2d, Appeal and Error § 545.

the presence of counsel any time promptly after the crime,
except in certain situations: first, where the police have very
strong evidence that the person stopped is the culprit and,
second, where the police have made a valid arrest of the
suspect for a separate crime, unless they have "more than a
mere suspicion" that the suspect was responsible for the second
crime to which the identification pertains.

2. APPEAL — PRESERVING QUESTION.
   Failure to raise an issue during a trial precludes review of the
   issue on appeal, absent manifest injustice.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Edward J. Grant,* Prose-
cuting Attorney, and *John L. Wildeboer,* Chief
Appellate Attorney, for the people.

*Lester O. Pollak,* for defendant on appeal.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK,
JR., and P. J. MARUTIAK,* JJ.

PER CURIAM. Defendant was charged with armed
robbery, MCL 750.529; MSA 28.797, felony-firearm,
MCL 750.227b; MSA 28.424(2), and in a supple-
mental information with being a third-felony of-
fender, MCL 769.11; MSA 28.1083. A jury con-
victed him of armed robbery but was unable to
reach a verdict on the felony-firearm count. After
the trial, defendant pled guilty to the supplemen-
tal charge and the prosecutor agreed not to pro-
ceed further on the felony-firearm charge. Defen-
dant was sentenced to from 10 to 30 years impris-
onment and appealed as of right. This Court origi-
nally granted the prosecutor's motion to affirm. On
August 20, 1982, the Supreme Court vacated this
Court's order and remanded the case for plenary
consideration of the issues raised, 414 Mich 905
(1982).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant was convicted of the armed robbery of a party store clerk on the evening of February 2, 1980. The complainant testified that defendant, armed with a gun, came into the store and demanded money. Complainant gave the defendant approximately $20 in cash. After the defendant left, she called the police and gave them a description of the robber.

Some 10 to 15 minutes later, the police arrived at the store with defendant in a squad car. Complainant identified defendant as the robber.

This case requires us to again consider the circumstances under which the police may subject a suspect to an on-the-scene identification without counsel. Defendant argues that the procedure denied him his constitutional right to counsel and was unduly suggestive.

In Michigan, a defendant is generally entitled to have counsel present during an identification procedure. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). An exception is allowed where the police apprehend a suspect and return him for a prompt on-the-scene identification. *People v Anderson,* 389 Mich 155, 187, fn 23; 205 NW2d 461 (1973). Such a procedure allows the police to know whom to arrest and assures the expeditious release of innocent suspects. It also allows the victim to confirm or deny the identification while his or her memory is fresh and accurate. *People v Turner,* 120 Mich App 23, 34-35; 328 NW2d 5 (1982); *People v Purofoy,* 116 Mich App 471, 480; 323 NW2d 446 (1982).

Several panels of this Court have allowed the police to conduct a prompt on-the-scene identification without regard to the circumstances in which the defendant was apprehended. See *e.g., People v Coward,* 111 Mich App 55, 63; 315 NW2d 144

(1981); *People v Tucker,* 86 Mich App 608, 611; 273 NW2d 498 (1978), *lv den* 406 Mich 964 (1979). This line of cases seems to be based on the *Anderson, supra,* decision which recognized the procedure in a footnote without setting any guidelines for its use.

In recognition of the inherent suggestiveness of on-the-scene identifications without counsel being present, a panel of this Court in *People v Dixon,* 85 Mich App 271; 271 NW2d 196 (1978), *lv den* 406 Mich 906 (1979), held the procedure improper where the police have more than a mere suspicion that the defendant was involved in the crime. According to *Dixon,* the police in such cases may not return the defendant to the scene of the crime. Instead, they must permit defendant's counsel to be present.[1]

While we agree that a per se rule allowing on-the-scene identifications fails to consider the suggestive nature of such procedures and fails to protect a defendant's right to counsel, we find the *Dixon* ''more than a mere suspicion'' standard too restrictive.[2] We, therefore, agree with the middle-ground approach adopted in *People v Turner, supra:*

"Therefore, we would allow the police officers to conduct an on-the-scene identification without the presence of counsel at any time promptly after the crime, except in certain situations. First, we require counsel to be present where the police have very strong evidence

[1] Compare Judge MAHER's dissent in *People v Purofoy,* 116 Mich App 471, 486; 323 NW2d 446 (1982).

[2] Enforcement of the *People v Dixon,* 85 Mich App 271; 271 NW2d 196 (1978), *lv den* 406 Mich 906 (1979), standard would effectively eliminate use of on-the-scene identifications. We can think of no situation in which the police would have sufficient probable cause to apprehend a suspect and return him to the scene while at the same time having no more than a mere suspicion of his involvement in the crime. See *People v Raybon,* 125 Mich App 295; 336 NW2d 782 (1983).

that the person stopped is the culprit. Strong evidence exists where the suspect has himself decreased any exculpatory motive, *i.e.,* where he has confessed or presented the police with either highly distinctive evidence of the crime or a highly distinctive personal appearance." 120 Mich App 36-37.

The *Turner* approach has been adopted by other panels of this Court. See *People v McCuaig,* 126 Mich App 754; 338 NW2d 4 (1983); *People v Fields,* 125 Mich App 377; 336 NW2d 478 (1983); *People v Raybon,* 125 Mich App 295; 336 NW2d 782 (1983).

We recognize that the *Turner* standard will not always be an easy one to apply. In view of the purposes for on-the-scene identifications, we interpret the term "very strong evidence" to mean evidence such that the police, acting in good faith, have no reasonable necessity for confirming that the suspect they have apprehended is in fact the perpetrator. Applying this standard to the instant case, we are convinced that the on-the-scene identification was proper. A short time after the complainant's call to the police, an officer observed a man matching the general description given by complainant trotting down a street in the general vicinity of the store. The defendant was found shortly thereafter huddling in some bushes behind a garage. A search of the area produced $21 in cash in a nearby burning barrel. Defendant was placed in a squad car and transported back to the store.

Certainly, the police had reason to suspect defendant's involvement. However, the defendant neither matched a highly distinctive personal description nor was he found with highly distinctive evidence of the crime. In our opinion, the circumstances of defendant's apprehension did not constitute "very strong evidence" such that there was no

reasonable necessity to conduct an on-the-scene identification. We conclude that the procedure was proper and that defendant was not denied his right to counsel.

Defendant next contends that the identification procedure was unduly suggestive and should have been excluded. However, defendant's failure to move for suppression of the identification testimony in the trial court precludes appellate review of this issue. *People v Moss,* 397 Mich 69, 70; 243 NW2d 254 (1976); *People v King,* 107 Mich App 208, 210; 309 NW2d 207 (1981), *rev'd on other grounds* 413 Mich 939 (1982). Even were we to review this issue, we would find that the procedure was not unnecessarily suggestive or conducive to misidentification.

The remaining issues raised by defendant are without merit. Defendant was not denied effective assistance of counsel under the standard set forth in *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976). Counsel's decision not to request a corporeal line-up and not to move for suppression of the identification testimony were matters of trial strategy. The record reveals that counsel thoroughly cross-examined complainant on the identification question and argued suggestiveness to the jury. See *People v Tucker, supra,* p 611; *People v Johnson,* 59 Mich App 187; 229 NW2d 372 (1975).

The record discloses that the precise terms of the plea agreement were stated on the record and that defendant, defense counsel, and the prosecutor understood the terms of the agreement. There was full compliance with GCR 1963, 785.7(2).

Affirmed.

R. M. MAHER, P.J. *(concurring).* I specially con-

cur to state that, after reevaluating the question of on-the-scene identifications, I have reconsidered my position in *People v Dixon,* 85 Mich App 271; 271 NW2d 196 (1978), *lv den* 406 Mich 906 (1979), and adopt the position taken in *People v Turner,* 120 Mich App 23; 328 NW2d 5 (1982), *lv den* 417 Mich 1064 (1983).

As the majority opinion states, panels of this Court have taken widely divergent positions on when a suspect is entitled to have counsel present at "prompt, 'on-the-scene' corporeal identifications within minutes of the crime", *People v Anderson,* 389 Mich 155, 187, fn 23; 205 NW2d 461 (1973). The positions have ranged from always permitting such identifications without counsel present *(People v Coward,* 111 Mich App 55; 315 NW2d 144 [1981])* to permitting them only if the police have no more than a "mere suspicion that the person in custody is wanted for the crime" *(Dixon, supra).* In *Turner, supra,* this Court took a middle position and held that counsel need be present only where the police have "very strong evidence" that the person apprehended is the criminal. While I now believe that the position in *Turner* is the most tenable position available to this Court, I am nevertheless troubled by the suggestiveness inherent in *any* on-the-scene identification and believe that this factor, and not the amount of evidence pointing to a particular suspect, should be the deciding criterion in determining whether or not the presence of counsel is required in an on-the-scene identification. Such identifications are generally one-on-one confrontations which occur almost immediately after the "victim" has suffered the trauma of a crime and in which the suspect is personally brought before the victim by a police officer. These circumstances must almost inevita-

bly lead to a high degree of suggestiveness. See *Russell v United States,* 133 US App DC 77; 408 F2d 1280 (1969).

However, in *People v Anderson, supra,* the Supreme Court apparently determined that this suggestiveness did not outweigh the benefits of such prompt identifications without counsel present. See 389 Mich 187, fn 23. This Court is therefore precluded from holding that, as a matter of law, counsel must always be present at such procedures. Given the Supreme Court's statement in *Anderson,* I believe that the position taken in *Turner* presents the best balance between the rights of suspects and the need for practical standards in police investigations. I therefore join the majority in adopting and applying the *Turner* position in this case.